IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **PROVIDENT LIFE INSURANCE** ) | |
| **COMPANY OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:04-1092 |
| ) | |
| **THOMAS B. AIELLO,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

On October 8, 2004, Provident Life Insurance Company of America [Provident] filed a Complaint for Interpleader and Injunctive Relief against Thomas B. Aiello and Brenda Aiello requesting that the Court determine the Defendants' interests in the proceeds of supplemental coverage under a life insurance policy of Thomas E. Aiello, Thomas B. Aiello's father and Brenda Aiello's former spouse. (Document No. 1.) It is alleged that Thomas E. Aiello and Brenda Aiello were divorced in August, 2002. It is further alleged that Thomas E. Aiello died on June 9, 2004, having basic and supplemental life insurance coverages with Provident. The beneficiaries of the basic life insurance policy are Thomas B. Aiello and Andrea Aiello, the infant daughter of Thomas E. Aiello and Brenda Aiello. Provident states that it is "unable to determine with reasonable certainty the identity of the appropriate beneficiaries for the . . . supplemental insurance proceeds." Provident has therefore deposited the amount of the supplemental insurance proceeds in an account maintained by the Court, and requests, among other things, that the parties be ordered to settle between themselves their rights or claims to the proceeds. (Id.) On December 6, 2004, Provident filed an Amended Complaint for Interpleader and Injunctive Relief adding Andrea Aiello as a party and a Motion for Appointment of Guardian *ad litem* to represent Andrea Aiello. (Document Nos.

6 and 7.) On January 4, 2005, Chief Judge Faber entered an Order appointing David S. Hart as Guardian *ad litem* for Andrea Aiello. (Document No. 8.) On January 5, 2005, Thomas B. Aiello filed an Answer to the Plaintiff's Complaint and a Cross Claim against Defendant Brenda Aiello. (Document No. 9.) By his Cross Claim, Thomas B. Aiello asserts that Brenda Aiello "wrongfully or fraudulently made a claim for the proceeds of Thomas E. Aiello's retirement pension and, as a consequence, he "has suffered inconvenience, and the loss of use of his share of the proceeds of Thomas E. Aiello's retirement pension . . .." Thomas B. Aiello requests that he be awarded compensatory damages and his share of the retirement proceeds. On January 25, 2005, Brenda Aiello filed her Answer to the Plaintiff's Complaint and Thomas B. Aiello's Cross Claim. (Document No. 12.) Brenda Aiello filed an Amendment and Addendum to her Answer to Interpleader and Cross Claim of Defendant on February 9, 2005. (Document No. 18.) The parties consented to trial by Magistrate Judge, and by Order filed on July 11, 2005, Chief Judge Faber referred the matter to the undersigned for all proceedings and final disposition. (Document No. 33.) Pending are Provident's Motion for Clarification of Chief Judge Faber's Order of January 4, 2005 (Document No. 13.) and Thomas B. Aiello's Motion to Dismiss filed on January 31, 2005. (Document No. 14.)

      A. <u>Provident's Motion for Clarification.</u>

      As stated above, on December 6, 2004, Provident moved for the appointment of a guardian *ad litem* to represent the interests of Andrea Aiello, the minor daughter of Brenda Aiello and a designated beneficiary under Provident's life insurance policy in issue in this case. In doing so, Provident requested that its attorneys' fees and costs and the fees and costs of the guardian *ad litem* be paid from the proceeds of Provident's life insurance policy. (Document No. 7.) Provident did not submit a memorandum or any analysis in support of its request for payment of its fees and expenses

and those of the guardian *ad litem*. On January 4, 2005, Chief Judge Faber entered an Order appointing attorney David S. Hart to serve as the guardian *ad litem* of Andrea Aiello pursuant to Federal Rule of Civil Procedure 17(c). (Document No. 8.) Chief Judge Faber stated as follows respecting Provident's request that attorneys' fees and costs be paid from the proceeds of its life insurance policy:

> The plaintiff additionally moves to have it's attorneys' fees and costs and the fees and costs incurred by the guardian *ad litem* satisfied from the proceeds of the life insurance policy at issue. The court has discretion in determining fees and costs of the guardian *ad litem*. The plaintiff has provided no reason to satisfy these costs, or the costs and fees of it's own attorneys, out of the insurance policy proceeds. Accordingly, plaintiff's motion is DENIED.

In its Motion for Clarification, Provident states that it initiated this interpleader action in view of disputes among the Defendants over entitlement to the insurance proceeds paid into the Court and has no interest and can have no liability in this matter beyond the amount which it has paid. Citing Kollsman v. Cohen, 996 F.2d 702 (4th Cir. 1993), Provident appears to concede that it should bear its own attorneys' fees and costs but contend that it should not be required to bear the attorney's fees and costs of the guardian *ad litem*.[1] In Kollsman, Kollsman, a defense contractor, alleged a conspiracy to rig bidding on Department of Defense contracts between Victor Cohen, former Deputy Assistant Secretary of the United States Air Force, and Cubic Corporation, a

---

[1] The undersigned has found some authority for awarding the stakeholder's attorney's fees and expenses in *Metropolitan Life Insurance Co. v. Barretto*, 178 F.Supp.2d 745, 751 - 52 (S.D.Tex. 2001)("A district Court has the authority and the discretion to award attorney's fees in successful interpleader suits to a disinterested stakeholder whenever it is fair and equitable to do so."). *See also* Wright & Miller, 7 Fed. Prac. & Proc. Civ. 3d § 1719. The *Metropolitan Life* Court cited and applied a five-factor test suggested in Wright and Miller in determining that Metropolitan was entitled to an award of costs and fees as an interpleader as follows: "(1) whether the case is simple; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings."

3

competitor of Kollsman. Mr. Cohen was incarcerated after the litigation commenced, and the District Court, relying upon Virginia law, appointed a guardian *ad litem* to represent his interests. The District Court initially stated that Kollsman should pay the costs and fees of the guardian *ad litem*. Kollsman objected, and the Court modified its order stating that the Court would determine at the end of the case who should pay the guardian *ad litem*'s costs and fees. Kollsman settled with Cubic and voluntarily dismissed its case against all defendants including Mr. Cohen. The guardian *ad litem* moved for payment of his fees, and the Court, relying upon Virginia case law holding that guardian *ad litem* fees should be imposed against a successful plaintiff, required Kollsman to pay them.[2] The Fourth Circuit reversed and remanded the case to the District Court observing as follows:

> There is a distinction between an attorney *ad litem* and a guardian *ad litem* even though . . . the same person performs in both roles. It is well recognized that the guardian *ad litem* serves essentially as an officer of the court. He is there not only to manage the litigation for the incompetent but also to assist the court in performing its duty to jealously protect the incompetent's interests. As such, the guardian *ad litem*'s costs and expenses are appropriately chargeable under Fed.R.Civ.P. 54. An Attorney *ad litem*, in contrast, provides the ordinary services of an attorney.

Kollsman, at 706. The Fourth Circuit concluded that "[b]ecause counsel for Cohen acted as both attorney and as guardian *ad litem*, remand is necessary for the district court to consider what costs are attributable to his separate role as guardian *ad litem*. These costs, as discussed above, may be charged against Kollsman." Kollsman, at 708. Other Courts have recognized the distinction between an attorney *ad litem* and a guardian *ad litem* in determining how fees and expenses should be assessed in interpleader cases. *See* Gibbs v. Gibbs, 210 F.3d 491, 506 - 508 (5th Cir. 2000), *citing*

---

[2] The District Court considered its jurisdiction based upon diversity and appointed and determined that Kollsman should pay the guardian *ad litem* based upon Virginia law. The Fourth Circuit determined that the District Court erred in doing so. It found that jurisdiction was based upon a federal question, *i.e.*, whether or not there had been a violation of the Robinson-Patman and Sherman Acts, and therefore the District Court should have referred to Federal Rule of Civil Procedure 17(b) and (c). *Kollsman*, at 705.

Kollsman and holding that when an attorney is appointed to represent the interests of a minor child in a dispute over entitlement to insurance proceeds as a guardian *ad litem*, his expenses as a guardian *ad litem* are taxable as costs against any party under Federal Rule of Civil Procedure 54(d) and against the prevailing party on a showing of good cause whereas "[h]is fees and expenses in the role of attorney ad litem would be treated as any other attorneys' fees. In the case where the attorney ad litem recovers assets or proceeds for the minor or protects the same, then his fees may be assessed against the assets or the proceeds so recovered or protected."; Metropolitan Life Insurance Co. v. Brown, 2002 WL 31039725 (N.D.Tex.)(Guardian *ad litem*'s expenses taxed against interpleader Metropolitan pursuant to Rule 54(d), and attorney *ad litem*'s fees and expenses assessed against the proceeds of Metropolitan's life insurance policy.)

Having conducted a thorough examination of the record and research of the applicable law, the undersigned finds that Chief Judge Faber's January 4, 2005, Order is correct and fully in conformity with the law. Provident did not state any reason in support of its request that its fees and expenses and those of the guardian *ad litem* be assessed against the proceeds of its life insurance policy, and the Court has discretion in assessing fees and costs between the parties at the conclusion of the litigation. It is premature to consider such matters now. Chief Judge Faber's January 4, 2005, Order needs no clarification.

B. Mr. Aiello's Motion to Dismiss.

Mr. Aiello moves "to dismiss the Complaint against him in this civil action for lack of jurisdiction over the subject matter, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure . . . because the plaintiff failed to file this action in the Circuit Court of Fayette County where the Order at issue was entered." Mr. Aiello states in his Memorandum of Law in Support of Motion to Dismiss (Document No. 15.) that under the Final Divorce Decree entered by the Circuit

Court of Fayette County on August 1, 2002, in <u>Brenda Louise Aiello v. Thomas Edward Aiello</u>, Brenda Aiello was awarded a portion of the proceeds of Provident's life insurance policy on a sliding scale. Mr. Aiello states that "[p]ursuant to said Final Divorce Order subject matter jurisdiction over said proceeds rests with the Circuit Court of Fayette County and any disputes regarding the awarding of the proceeds from said policy of insurance pursuant to said Final Divorce Order rightfully belongs in the Circuit Court of Fayette County." On February 7, 2005, Brenda Aiello filed an Answer objecting to Mr. Aiello's Motion to Dismiss and Memorandum in Support. (Document No. 16.) Brenda Aiello asserts that this Court has jurisdiction in this case under 28 U.S.C. §§ 1332 and 1335. She states that this Court has jurisdiction under § 1332 because there is diversity of citizenship as between the adverse parties with Provident residing in Tennessee and the Defendants residing in West Virginia and the amount in controversy exceeds $75,000. She states that this Court has jurisdiction under § 1335 because Provident has deposited more than $500 into the registry of the Court and the case does not fall within any of the "domestic relations" exceptions to the Court's jurisdiction. Provident filed a Response to Mr. Aiello's Motion to Dismiss on February 14, 2005. (Document No. 19.) Provident states that "[t]his Court's jurisdiction over this interpleader action lies under 28 U.S.C. § 1332, the diversity statute. This action was brought under Rule 22 of the Federal Rules of Civil Procedure. It is not, as Defendant Brenda Aiello assumes in her response to the motion to dismiss, a statutory interpleader action. Diversity is satisfied for Rule 22 interpleader as long as the residence of the stakeholder (Provident Life) is diverse from the residences of the claimant. (Citations omitted.) Plaintiff Provident Life is a resident of Tennessee; all of the claimants/defendants are residents of West Virginia. Thus, diversity is present. Further, $100,317.81 is more than $75,000, thus satisfying the amount in controversy requirement." Provident also asserts that this case does not amount to a core domestic relations dispute and

therefore fall within the "domestic relations" exception to Federal Court jurisdiction. On February 17, 2005, Defendant Andrea B. Aiello, by her Guardian Mr. Hart, filed a Memorandum of Law in Opposition to Mr. Aiello's Motion to Dismiss. (Document No. 21.) She takes essentially the same positions as Brenda Aiello and Provident in asserting that Mr. Aiello's Motion to Dismiss should be denied.

Judge Haden discussed statutory and rule interpleader in Aetna Life Ins. Co. v. Layton, 836 F.Supp. 355, 356 - 57 (S.D.W.Va. 1993), explaining that for jurisdiction under the interpleader statute, 28 U.S.C. § 1335, two or more of the adverse claimants to a contested fund must be "of diverse citizenship as defined in section 1332 of this title" and the amount in controversy must be $500 or more. Judge Haden stated that "the citizenship of the plaintiff-stakeholder is irrelevant." Jurisdiction in an interpleader action under Federal Rule of Civil Procedure 22, on the other hand, must be premised upon one of the general statutory grants of federal jurisdiction including diversity jurisdiction under 28 U.S.C. § 1332. Under that statute, of course, the citizenship of the plaintiff-stakeholder is relevant in a rule interpleader action in considering whether there is diversity of citizenship between the adverse parties and the amount in controversy must be $75,000 or more. *See also* Leimbach v. Allen, 976 F.2d 912, 916 - 17 (4th Cir. 1992), *cert. denied*, 507 U.S. 935, 113 S.Ct. 1322, 122 L.Ed.2d 708(1993); Equitable Life Assur. Soc. of the U.S. v. Jones, 679 F.2d 356, 358 fn. 2 (4th Cir. 1982); Lincoln Nat. Life Ins. Co. v. Johnson, 38 F.Supp.2d 440, 444 (E.D.Va. 1999).

In this case, diversity between adverse claimants necessary for statutory interpleader is not present because the Defendants are all West Virginia residents. This Court clearly does have jurisdiction, however, to consider this interpleader action under Rule 22 because there is diversity of citizenship between Provident and the Defendants and the amount in controversy exceeds $75,000.

It is clear as well that the domestic relations exception to diversity jurisdiction has no application in this case. In <u>Cole v. Cole</u>, 633 F.2d 1083, 1087 (4th Cir. 1980), the Fourth Circuit stated that "the district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation." In <u>Raftery v. Scott</u>, 756 F.2d 335, 338 (4th Cir. 1985), the Fourth Circuit indicated that in determining whether the exception applies, the District Court must consider "the exact nature of the rights asserted or the breaches alleged." The United States Supreme Court considered the scope of the domestic relations exception in <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), concluding that the exception "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree . . . ." <u>Ankenbrandt</u>, 504 U.S. at 704, 112 S.Ct. at 2215. The scope of the domestic relations exception is therefore narrow and does not encompass cases involving disputes over entitlement to life insurance proceeds such as the case *sub judice*. Indeed, the undersigned's research indicates that Federal Courts have often considered cases similar in nature to this case. This Court therefore has jurisdiction over the subject matter of this case.

Accordingly, it is hereby **ORDERED** that Provident's Motion for Clarification (Document No. 13.) and Mr. Aiello's Motion to Dismiss (Document No. 14.) are **DENIED**.

The Clerk is directed to send a copy of this Order to counsel of record.

ENTER: July 19, 2005.

R. Clarke VanDervort
United States Magistrate Judge

8